1   Michael A. Rivera, SBN 136931
    7840 Firestone Boulevard, Suite 105
2   Downey, CA 90241
    Phone: (562) 869-0480
3   Fax: (562) 869-0485

4

5   Attorney for RAUL MENDOZA

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9

10  ASENCION GINES DOMINGUEZ, an         ) Case No.: 2:16-cv-000689 PSG (GJSx)
    individual, "LA SONORA               )
11                                       )
    SANTANERA DE CARLOS                  ) **DEFENDANT RAUL MENDOZA'S**
12  COLORADO" NORMA ALMAZAN              ) **NOTICE OF JOINDER IN**
    COLORADO, an individual,             ) **MOTION TO SET ASIDE**
13                                       ) **DEFAULT AND DEFAULT**
                                         ) **JUDGMENT OF LEONIDAS**
14              Plaintiffs,              ) **OSORIO; DECLARATIONS OF**
                                         ) **RAUL MENDOZA AND MICHAEL**
15                                       ) **A. RIVERA**
            vs.                          )
16                                       ) **NOTED ON MOTION CALENDAR:**
    LEONIDAS OSORIO, an individual       ) **FEBRUARY 5, 2018**
17  "LA NUEVA SANGRE  SONORA            )
    SANTANERA"; LA UNICA                 )
18  INTERNACIONAL SONORA                 )
    SANTANERA  S. de R.L. dab "LA       )
19  INTERNACIONAL SONORA                 ) DATE:  2/5/2018
    SANTANERA" S.A. de C.V.;            ) TIME:  1:30 P.M.
20  ANTONIO MENDEZ an individual dba     ) CTRM:  6A
    "LA UNICA INTERNACIONAL              )
21  SONORA SANTANERA S. de R.L.          )
    dba "LA INTERNACIONAL                ) HON. PHILIP S. GUTIERREZ
22  SONORA SANTANERA" S.A. de            )
    C.V.; RAUL MENDOZA an individual     )
23  Non-Register "LA SONORA              )
    SANTANERA DE CARLOS                  )
24  COLORADO,; And DOES ONE              )
    THROUGH 20.                          )
25                                       )
                Defendants.              )
26                                       )
    _____

27

28
                                   1
    Defendant Raul Mendoza's Notice of Joinder in Motion to Set Aside Default and Default Judgment

1       PLEASE TAKE NOTICE that defendant Raul Mendoza specially appears and
2   joins in defendant Leonidas Osorio's Motion to Set Aside Default and Default
3   Judgment pursuant to Federal Rules of Civil Procedure, Rules 55(c) and 60 (b).
4       Additionally, Raul Mendoza notes that default and default judgment were taken
5   against him also by the fraud, misrepresentation, and misconduct of the plaintiff and
6   that the default judgment was void for lack of personal jurisdiction over the
7   defendants due to plaintiff's failure to serve the summons and complaint in any
8   manner authorized by law and the plaintiff's filing with the Court of false and
9   fraudulent purported proofs of service.  Default and default judgment were entered
10  against the defendants through no fault of the defendants, the defendants have
11  meritorious defenses, and the plaintiff cannot show any prejudice in presenting his
12  claims as a result of the setting aside of the defaults and default judgment.  This
13  joinder is appropriate due to the applicable "one judgment" rule, to avoid duplicative
14  proceedings and for the sake of judicial economy.
15      The Declarations of Raul Mendoza and Michael A. Rivera are provided in
16  support of Raul Mendoza's Joinder in defendant Leonidas Osorio's Motion to Set
17  Aside Default and Default Judgment pursuant to Federal Rules of Civil Procedure,
18  Rules 55(c) and 60 (b).
19
20  Dated: January 25, 2018            Respectfully Submitted,
21
22                             Michael A. Rivera,
23                             Attorney for Raul Mendoza
24  //
25  //
26  //
27  //
28

//

## I.  PLAINTIFF FAILED TO SERVE THE SUMMONS AND FILED FALSE PROOFS OF SERVICE, PERPETRATED A FRAUD UPON THE COURT AND FAILED TO OBTAIN PERSONAL JURISDICTION OVER THE DEFENDANTS, THEREFORE, RELIEF FROM THE DEFAULTS AND DEAFULT JUDGMENT SHOULD BE GRANTED

A default judgment can be set aside under FRCP Rule 60(b)(3) where there has been  fraud, misrepresentation, or misconduct by an opposing party.  FRCP Rule 60(b)(3).

A default judgment should also be set aside as void if it is rendered without subject matter or personal jurisdiction.  FRCP Rule 60(b)(4).  Precision Etchings & Findings, Inc v LPG Gem, Ltd, 953 F. 2d 21, 23 (1st Cir 1992) (holding that a default judgment entered by a court lacking personal jurisdiction over the defendant is void); Venable v Haislip, 721 F. 2d 297, 300 (10th Cir 1983) ("If the underlying judgment is void for lack of personal ... jurisdiction ... the district court must grant relief."); Textile Banking Co v Rentschuler, 657 F2d 844, 850 (7th Cir 1981) ("[I]f the underlying judgment is void because the court lacked personal ... jurisdiction ... the trial judge has no discretion and must grant appropriate Rule 60(b) relief.").

FRCP Rule 4(e) governs service of a summons on an individual and allows for service by personal delivery to the defendant, sub-service at the individual's dwelling or usual place of abode, or service upon an agent authorized by appointment or by law to receive service of process.

A summons can also be served by the methods provided under state law as well.  FRCP Rule 4(e).  California Code of Civil procedure 415.10 - 415.95 govern service of summons in California.

1   C.C.P. section 415.30 governs service by "notice and acknowledgment."

2   However, under C.C.P. section 415.30 (c):  "Service of a summons pursuant to this

3   section is deemed complete on the date a written acknowledgement of receipt of

4   summons is executed, if such acknowledgement thereafter is returned to the sender."

5   In this case there is no signed written acknowledgement of receipt of the

6   summons because, as the declaration of Raul Mendoza demonstrates, the plaintiff did

7   not ever attempt to serve the summons personally or mail it to the defendant's known

8   "dwelling or usual place of abode" but instead filed fraudulant proofs of service using

9   a fictitious address, presumably to deceive or defraud the Court for the purpose of

10  taking a default and default judgment against the defendant and unfairly robbing the

11  defendant of the opportunity to enter an apperance and defend the case.

12  Judgment by default is drastic step appropriate only in extreme circumstances.

13  United States v. Signed Personal Check No. 730, 615 F.3d 1085, 1091-1092 (9th Cir.

14  2010).

15  Judgment by default is an extreme measure and the case should, whenever

16  possible, be decided on its merits.   Community Dental Servs. v. Tani, 282 F.3d 1164,

17  1170 (9th Cir. 2002).

18  When timely relief is sought and movant has a meritorious defense, doubt, if

19  any, should be resolved in favor of motion for relief so that cases may be decided on

20  their merits.  Civic Ctr. Square v. Ford (In re Roxford Foods), 12 F.3d 875, 879, 881

21  (9th Cir. 1993)

22  The "good cause" standard that governs vacating entry of default is the same

23  standard that governs vacating default judgment; the analysis considers three factors:

24  (1) whether party engaged in culpable conduct that led to default; (2) whether the

25  party had a meritorious defense; or (3) whether reopening default judgment would

26  prejudice opposing party.  Franchise Holding II, LLC v. Huntington Rests. Group,

27  Inc., 375 F.3d 922, 925-926 (9th Cir. 2004)

28

4

1    In this case, the fraudulent proofs of service directed to a fictitious address and

2  the declaration of Raul Mendoza reflect that there was no culpable conduct on the part

3  of the defendant that led to the default.  Further, Mr. Mendoza's declaration indicates

4  that he has meritorious defenses to the complaint.  Certainly, there is no prejudice to

5  the plaintiff because the plaintiff does not appear to have the trademark rights he

6  claims to have, his application having been abandoned and his questionable

7  "authorization" expired.

8    Merely being forced to litigate on the merits is not considered prejudicial.  To

9  be prejudicial, setting aside of the judgment must result in greater harm than

10  simply delaying resolution of case; the standard is whether the claimant's ability to

11  pursue his claim will be hindered.  <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d

12  691, 701 (9th Cir. 2001).

13    Other factors that the Court can consider include (1) the possibility of prejudice

14  to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the

15  complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute

16  concerning material facts, (6) whether the default was due to excusable neglect, and

17  (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

18  decisions on the merits. See, e.g., <u>General Produce Co. v. Warehouse Mkts., LLC</u>,

19  2015 U.S. Dist. LEXIS 43910, at *5 (E.D. Cal. Apr. 1, 2015)

20    The burden on the party seeking to vacate the default judgment is not

21  extraordinarily heavy; all that is necessary is that the defendant allege sufficient facts

22  that, if true would constitute a defense.  <u>United States v. Signed Personal Check No.</u>

23  <u>730</u>, 615 F.3d 1085, 1091-1092 (9th Cir. 2010)

24    The defendant, Raul Mendoza, has meritorious defenses to the complaint.

25  Defendant did not and does not infringe upon any trademark rights of the Plaintiff, the

26  Plaintiff did not and does not have any trademark rights, and there is no confusion of

27  the public as to the source of the Defendant's musical tribute band.

28

1       The Plaintiffs, on the other hand, do not have the rights to the "Sonora
2   Santanera" trademark in the United States that they allege and they have no legal
3   standing to sue the defendants.  In addition, the Complaint is devoid of any allegations
4   against this defendant and fails to state a cause of action against this defendant.

5   **II. CONCLUSION**

6       Where Plaintiff filed fraudulent and untrue proofs of service on a fictitious
7   address while having the defendant's true address thereby demonstrating an obvious
8   fraudulent intent to deceive the Court and take defendant's default without his
9   knowledge, relief from the default and default judgment should be granted.

10

11   Dated: January 25, 2018                     Respectfully Submitted,

12

13                                               Michael A. Rivera,
14                                               Attorney for Raul Mendoza

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Michael A. Rivera, SBN 136931
    7840 Firestone Boulevard, Suite 105
2   Downey, CA 90241
    Phone: (562) 869-0480
3   Fax: (562) 869-0485

4

5   Attorney for RAUL MENDOZA

6

7                      UNITED STATES DISTRICT COURT

                       CENTRAL DISTRICT OF CALIFORNIA
8

9

10  ASENCION GINES DOMINGUEZ, an      )   Case No.: 2:16-cv-000689 PSG (GJSx)
                                      )
11  individual, "LA SONORA            )   **DECLARATION OF RAUL**
    SANTANERA DE CARLOS               )   **MENDOZA IN SUPPORT OF**
12  COLORADO" NORMA ALMAZAN           )   **JOINDER IN MOTION FOR**
    COLORADO, an individual,          )   **RELIEF FROM DEFAULT**
13                                    )   **JUDGMENT**
                                      )
14              Plaintiffs,           )
                                      )
15          vs.                       )
                                      )
16  LEONIDAS OSORIO, an individual    )
17  "LA NUEVA SANGRE  SONORA          )   DATE:  2/5/2018
    SANTANERA"; LA UNICA              )   TIME:  1:30 P.M.
18  INTERNACIONAL SONORA              )   CTRM:  6A
    SANTANERA  S. de R.L. dab "LA     )
19  INTERNACIONAL SONORA              )
    SANTANERA" S.A. de C.V.;          )   HON. PHILIP S. GUTIERREZ
20  ANTONIO MENDEZ an individual dba  )
    "LA UNICA INTERNACIONAL           )
21  SONORA SANTANERA S. de R.L.       )
    dba "LA INTERNACIONAL             )
22  SONORA SANTANERA" S.A. de         )
    C.V.; RAUL MENDOZA an individual  )
23  Non-Register "LA SONORA           )
    SANTANERA DE CARLOS               )
24  COLORADO,: And DOES ONE           )
    THROUGH 20.                       )
25                                    )
                Defendants.           )
26                                    )

27  _____

28

                                      1

# DECLARATION OF RAUL MENDOZA

I, Raul Mendoza, declare:

1. I have personal knowledge of the following facts and if called as a witness I could and would competently testify as to the truth thereof.

2. I have 35 years in the music business as a musician and promoter representing various Latin music groups for the purpose of arranging and promoting live performances. I am a legitimate businessman and always pay my taxes and do not hide from anyone.

3. Over the last 2 years I have worked with other musicians to form a tribute to the music of Sonora Santanera because I have always appreciated the sounds of tropical music and the other musicians and I are big fans of the music of Sonora Snatanera. We have never said we are the group Sonora Santanera. Our group is identified as only a tribute to the music of Sonora Santanera. We do not claim to be Sonora Santanera, nor have we ever tried to register the name of Sonora Santanera.

4. We do not compete with the Plaintiff in any manner. Although it does not appear that the Plaintiff has the rights to perform as Sonora Santanera that he claims, even if he did have the rights to perform as Sonora Santanera, the performances of our tribute band would not be in competition with him and there would be no confusion of the public as to the source of the performances. When our performances were to be promoted or advertised we have always included the word "Tribute" ("Tributo" in Spanish) in our promotional photos to distinguish our group as a tribute band and to use a reasonable effort to avoid any confusion of the general public between our tribute band and the original band from Mexico. At performances, I have always announced 3 to 4 times per performance that we are performing a tribute to the music of Sonora Santanera. We are not confusing or deceiving anyone and we do not claim to be Sonora Santanera in our promotions or at our performances. The audience members and the public are not confused and they know that we are not the Mexican

1  group known as Sonora Santanera and that they are only listening to the popular

2  traditional songs of Sonora Santanera as performed by our tribute band.  We also

3  perform songs that are not by Sonora Santanera such as boleros like "Usted" and "Que

4  Seas Feliz."

5      5.   I am informed and believe that the original band "Sonora Santanera" is from

6  Mexico and included Carlos Colorado and 11 other band members.  To the best of my

7  knowledge, the only surviving members of the group are Arturo Ortiz and Antonio

8  Mendez.  I am informed and believe that Arturo Ortiz and Antonio Mendez continue

9  to perform as the original band "Sonora Santanera" throughout Mexico and that they

10  have the legal rights to do so.  A well known and respected Latin music promoter,

11  named Bobby Reynoso has told me on two occasions in 2015 and 2016 that Arturo

12  Ortiz had called him to tell him that he was aware of my tribute band to the music of

13  Sonora Santanera and that he approved of my band's performances because he liked

14  that we identify ourselves as a tribute band and because the quality of our band's

15  performances is good.

16      6.   Over the last 8 or 9 years, at least 4 different persons have tried to register

17  the name of "Sonora Santanera" or some variation thereof.  To the best of my

18  knowledge and experience the only valid trademark registration belongs to Arturo

19  Ortiz and Antonio Mendez through a Mexican corporation identified in LIVE U.S.

20  Trademark registration no. 3575958 (registration date 2/17/2008) as "La Unica

21  Internacional Sonora Santanera, S. De R.L. DBA La Internacional Sonora Santanera,

22  S.A. de C.V."

23      7.   I am informed and believe that the trademark application of the Plaintiff

24  Ascencion Dominguez filed 10/28/2015 for "La Sonora Santanera de Carlos

25  Colorado" has been deemed "Abandoned" as of June 16, 2017.

26      8.   The first time I became aware that I had been named as a defendant in this

27  case was on or about May 18, 2017 when a FedEx package was delivered to my home

28

Declaration Of Raul Mendoza

address, apparently sent to me by "Joseph Montoya" from "8132 Firestone Boulevard, Suite 331, Downey, CA 90241." A true and correct photocopy of the front face of the FedEx package I received is attached hereto as Exhibit 1, which reflects my home address, the name and address of Joseph Montoya and the date the package was presumably sent.

9. Inside the FedEx package was the Motion for Sanctions of the Plaintiffs. This was the first moment I became aware of this case and that I was a named defendant in this case. Thereafter, I sought legal counsel. After I hired an attorney and after he had reviewed the Motion for Sanctions and the Court record, I became aware of the Default Judgment in this case for the very first time.

10. Since the date of the Motion for Sanctions my attorney and I have investigated this matter to obtain the relevant facts and evidence.

11. I have reviewed the four alleged Proofs of Service filed in this case which allege service on me of the Summons and Complaint, the Amended Summons and Complaint and the Motion for Sanctions, Document Numbers 23, 25, 29, and 69. All 4 documents appear to be false declarations by "Joe Montoya." The first 3 documents allege service of the Summons and Complaint and the Amended Summons and Complaint "by mail and acknowledgment of receipt of service." These allegations are false. I did not receive the alleged documents, nor did I sign an acknowledgment of receipt of service. I am informed and believe that no "acknowledgment of receipt of service" with my name or signature has been filed in this case or otherwise produced by the Plaintiffs.

12. Only the Motion for Sanctions was received by me because "Joseph Montoya" sent it to my house via FedEx. (Please see Exhibit 1.)

13. "Joseph Montoya" knew my actual address on N. Humbert Avenue because he had previously sent me a letter to that address in November of 2014 in which he claimed to be an "Attorney at Law" for Mr. Dominguez. Nothing came of the letter

Declaration Of Raul Mendoza

1  and no further documents were received from him at my home address until the

2  Motion for Sanctions was received by FedEx in May of 2017. A true and correct

3  photocopy of the letter from Joseph Montoya to me at my N. Humbert Avenue

4  address dated 11/15/2014 is attached hereto as Exhibit 2.

5      14. I have lived at the N. Humbert Avenue address for about the last 31 years.

6  My address is commonly known in the local Latin entertainment community of Los

7  Angeles.

8      15. During review of the Motion for Sanctions, my attorney and I searched for

9  the "Walmart Street" address alleged to belong to me in the Proofs of Service filed by

10  the Plaintiffs with Internet map programs, including "Google Maps," and it appeared

11  that no such address actually exists. Thereafter, on or about June 20, 2017, I went to

12  the U.S. Post Office branch in El Monte, California and I requested the Supervisor to

13  check on the "Walmart Street" address alleged in the Proofs of Service filed by the

14  Plaintiffs and signed by "Joe Montoya." The Supervisor, Luis Rodriguez, checked the

15  U.S. Post Office database for the address alleged in the Proofs of Service filed by the

16  Plaintiffs, "7065 Walmart Street, South El Monte 91732." He concluded and

17  confirmed in writing that the said address does not exist in the city of El Monte.

18  Attached hereto as Exhibit 3 is a true and correct photocopy of the letter signed and

19  stamped by the Supervisor of the El Monte Post Office in my presence on June 20,

20  2017 confirming that the said address does not exist in the city of El Monte.

21      16. In June, 2017, I also went to the 8132 Firestone Boulevard address for

22  "Joseph Montoya" on the FedEx package he presumably sent to my home address on

23  N. Humbert Avenue. I found that the address pertained to a location with mail boxes

24  and a Notary and Livescan service. Despite asking for him, I did not find Joseph

25  Montoya at that location on the day I went there. Attached hereto as Exhibit 4 is a

26  true and correct copy of the signage posted at the 8132 Firestone Boulevard address

27  for "Joseph Montoya."

28

Declaration Of Raul Mendoza

1       17. This declaration was translated from English to Spanish and read to me in

2 Spanish.

3       Executed on January 23, 2018, at Downey, California.

4       I declare under the penalty of perjury of the United States that the foregoing is

5 true and correct.

6

7

8                         Raul Mendoza

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1  Michael A. Rivera, SBN 136931
   7840 Firestone Boulevard, Suite 105
2  Downey, CA 90241
   Phone: (562) 869-0480
3  Fax: (562) 869-0485

4

5  Attorney for RAUL MENDOZA

6

7                **UNITED STATES DISTRICT COURT**

8                **CENTRAL DISTRICT OF CALIFORNIA**

9

10 ASENCION GINES DOMINGUEZ, an        ) Case No.: 2:16-cv-000689 PSG (GJSx)
                                       )
11 individual, "LA SONORA             ) **DECLARATION OF MICHAEL A.**
   SANTANERA DE CARLOS               ) **RIVERA IN SUPPORT OF**
12 COLORADO" NORMA ALMAZAN            ) **JOINDER IN MOTION FOR**
                                       ) **RELIEF FROM DEFAULT**
13 COLORADO, an individual,            ) **JUDGMENT**
                                       )
14          Plaintiffs,                )
                                       )
15      vs.                            )
                                       )
16 LEONIDAS OSORIO, an individual      )
   "LA NUEVA SANGRE SONORA            ) DATE:
17 SANTANERA"; LA UNICA               ) TIME: 1:30 P.M.
   INTERNACIONAL SONORA              ) CTRM: 6A
18 SANTANERA  S. de R.L. dab "LA      )
   INTERNACIONAL SONORA              )
19 SANTANERA" S.A. de C.V.;           ) HON. PHILIP S. GUTIERREZ
   ANTONIO MENDEZ an individual dba  )
20 "LA UNICA INTERNACIONAL           )
   SONORA SANTANERA S. de R.L.        )
21 dba "LA INTERNACIONAL             )
   SONORA SANTANERA" S.A. de         )
22 C.V.; RAUL MENDOZA an individual   )
   Non-Register "LA SONORA           )
23 SANTANERA DE CARLOS               )
   COLORADO,; And DOES ONE           )
24 THROUGH 20.                        )
                                       )
25          Defendants.               )
                                       )
26 _____

27

28
                                1

# DECLARATION OF MICHAEL A. RIVERA

I, Michael A. Rivera, declare:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District of California, and the attorney of record for defendant Raul Mendoza herein.  I have personal knowledge of the following facts and if called as a witness I could and would competently testify as to the truth thereof.

2. I have reviewed the Court's files available for this matter relevant to Mr. Mendoza on Pacer.

3. During my review of the Court's files I reviewed the four alleged Proofs of Service filed in this case which allege service on Mr. Mendoza of the Summons and Complaint, the Amended Summons and Complaint and the Motion for Sanctions, Document Numbers 23, 25, 29, and 69.  True and correct copies of the said alleged Proofs of Service are attached hereto as Exhibit 5.

4. Document Numbers 23 and 25 appear to assert the identical information, the only difference appearing to be the use of capital letters on Document Number 25.

5. Document Numbers 23 and 25 allege service of the Summons and Complaint and Document Number 29 alleges service of the Amended Summons and Complaint.  All 3 documents allege service "by mail and acknowledgment of receipt of service."

6. No acknowledgments of receipt of service, signed or otherwise, are attached to the filed Proofs of Service, Document Numbers 23, 25, and 29.  No acknowledgments of receipt of service bearing the name or signature of Raul Mendoza appear on the Court's docket on Pacer for this case.  To the best of my knowledge, no acknowledgments of receipt of service bearing the name or signature of Raul Mendoza are attached to any document on file in this matter.  To the best of

2

1    my knowledge, the Plaintiffs have not otherwise produced any acknowledgments of

2    receipt of service bearing the name or signature of Raul Mendoza in this matter.

3        7.   Each of the said alleged Proofs of Service, Document Numbers 23, 25, 29,

4    and 69, purports to be signed by "Joe Montoya" under penalty of perjury.

5        8.   Each of the said alleged Proofs of Service, Document Numbers 23, 25, 29,

6    and 69, purports to have served Mr. Mendoza at an address identified as 7065

7    Walmart Street, South El Monte 91732.  I conducted a search for the said "Walmart

8    Street" address with the Google Maps website on my computer and it appeared that no

9    such address actually exists.

10       9.   Since I learned that Joseph Montoya had sent Mr. Mendoza a letter in 2014

11   in which he represented himself to be a lawyer for Plaintiff Asencion Dominguez at a

12   California address (please see Exhibit 2),  I conducted a search on the California State

13   Bar website for information on an attorney by the name of Joseph Montoya in the

14   State of California, including similar sounding names.  Six names came up.  Four of

15   the persons' names that came up were deceased.  Only two of the persons' names that

16   came up indicated that they were not deceased and their license was active.  One of

17   those two persons has a work address in Los Angeles at the Office of Administrative

18   Hearings with bar number 96605, and the other has an address of record in Eureka,

19   California with bar number 276816.  This information leads me to believe that the

20   Joseph Montoya that sent the letter to Mr. Mendoza in 2014 misrepresented himself to

21   be an attorney and was not an attorney.  The fact that the name of "Joe Montoya"

22   appears on the Proofs of Service leads me to believe that the same Joseph Montoya

23   signed the apparently false Proofs of Service.  True and correct copies of the

24   California State Bar website printouts I personally obtained upon entering the name of

25   Joseph Montoya in the California State Bar website Attorney Search page, and

26   checking the box to include similar sounding names are attached collectively hereto as

27   Exhibit 6.

28

3

1      10.  I conducted a "basic word" search on the website of the United States

2  Patent and Trademark Office Trademark Electronic Search System (TESS) system for

3  "Sonora Santanera."

4      11.  Seven (7) records were displayed as pertaining to those words.  Of the

5  seven records displayed only two showed actual registration numbers.  Both of those

6  registrations indicate ownership of the mark by Mexican corporation La Internacional

7  Sonora Santanera, S.A. de C.V.  True and correct copies of the United States Patent

8  and Trademark Office Trademark Electronic Search System (TESS) website printouts

9  I personally obtained upon searching for records pertaining to the Mark of "Sonora

10  Santanera" in the TESS system are attached collectively hereto as Exhibit 7.

11      13.  The said TESS system records indicate that the registrations of Mexican

12  corporation La Internacional Sonora Santanera, S.A. de C.V were first registered on

13  2/29/2000, cancelled on 3/3/2007, and re-registered on 2/17/2009.  At least 4 different

14  persons have tried to register the name of "Sonora Santanera," or some variation

15  thereof, and failed.  None of the attempted and failed registrations I found contained

16  the name of the defendant Raul Mendoza.

17      14.  The said TESS system records also indicate that the registration application

18  of the Plaintiff Dominguez was "Abandoned" as of June 16, 2017.

19      15.  Attached as the first page of Exhibit B to the Amended Complaint of the

20  Plaintiffs was a document dated 9/10/1986 purportedly signed by the members of

21  Sonora Santanera (page 53 of the Document No. 14).  It appears to me that the

22  Plaintiffs may have misrepresented the meaning of the said document.  I am relatively

23  fluent in both English and Spanish and have translated the document for the Court's

24  review to the best of my ability.  A true and correct copy of page 53 of the Document

25  No. 14 and my English translation thereof are attached collectively hereto as Exhibit

26  9.  Apparently, Exhibit B confirms that the members of the group would continue to

27

28

4

Declaration Of Michael A. Rivera

perform using the name "Sonora Santanera" and pay to Mr. Colorado's widow his share of the earnings from their performances.

16. I have read the Exhibit C to the Amended Complaint of the Plaintiffs which the plaintiffs allege was signed by Mrs. Yolanda Almazan Ortiz Colorado. The alleged authorization alleges that Mrs. Yolanda Almazan Ortiz Colorado has the exclusive rights to use the mark "Sonora Santanera" in Mexico, but does not state that Mrs. Yolanda Almazan Ortiz Colorado has any rights, exclusive or otherwise, to use the mark "Sonora Santanera" in the United States. Also, the purported 3 year authorization to Mr. Dominguez expired by its own terms on 2/19/2017.

Executed on January 24, 2018, at Downey, California.

I declare under the penalty of perjury of the United States that the foregoing is true and correct.

_____
Michael A. Rivera

5

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On January 25, 2018, I served a true copy of the foregoing document described as **DEFENDANT RAUL MENDOZA'S NOTICE OF JOINDER IN MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT OF LEONIDAS OSORIO; DECLARATIONS OF RAUL MENDOZA AND MICHAEL A. RIVERA** on the interested parties in this action

( ) by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

( X ) by placing ( ) the original ( X ) a true copy thereof enclosed in a sealed enveloped addressed as follows:

| | | |
|---|---|---|
| Asencion Gines Dominguez | Kenneth Gaugh, Esq. | W. Randall Sgro, Esq. |
| Norma Almazan Colorado | 1623 Cravens Ave. | Fruchter & Sgro, APC |
| 1831 W. Florence Ave. | Torrance, CA  90501 | 1609 Cravens Ave. |
| Los Angeles, CA  90047 | | Torrance, CA  90501 |

[X]   (BY MAIL)  I am readily familiar with the law firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  The within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after the date of deposit for mailing in this affidavit.

[ ]   (BY FACSIMILE)  Said document was sent by facsimile to the parties in the within action at the fax number set forth above.

[ ]   (BY PERSONAL SERVICE)  Said document was delivered by hand to the parties in the within action.

Executed on January 25, 2018, at Los Angeles, California.

I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

___Michael Rivera___
Type or Print Name

_____
Signature